D. Michael Reilly, WSBA No. 14674
Charles C. Huber, WSBA No. 18941
LANE POWELL SPEARS LUBERSKY LLP
Suite 4100
1420 Fifth Avenue
Seattle, WA 98101
Telephone: (206) 223-7000
Facsimile: (206) 223-7107

Attorneys for Plaintiff

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 30 2004

JAMES R. LARSEN, CLERK
_____ DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
AT SPOKANE

THE PAUL REVERE LIFE INSURANCE )
COMPANY,                       )
                               )   No. CV-04-0456-LRS
               Plaintiff,      )
                               )   COMPLAINT FOR
       v.                      )   DECLARATORY RELIEF
                               )
MARCUS AND JOE DOE DEWOOD,     )
AND THEIR MARITAL COMMUNITY,   )
                               )
               Defendants.     )

Plaintiff The Paul Revere Life Insurance Company alleges as follows:

**PARTIES AND JURISDICTION**

1.     Plaintiff The Paul Revere Life Insurance Company ("Paul Revere") is a foreign insurer organized under the laws of the Commonwealth of Massachusetts.

2.     Defendants Marcus DeWood, M.D., and Jane Doe DeWood are residents of Spokane County, Washington. The name of Marcus DeWood's spouse is not

COMPLAINT FOR DECLARATORY RELIEF - 1

Case No.
116008.0027/1156150.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

presently known to Paul Revere and for that reason it utilizes the name "Jane Doe" DeWood for purposes of identifying her in this complaint. Defendants will hereinafter be collectively referred to as "DeWood."

3. Jurisdiction in this Court is proper under 28 U.S.C. § 1332. Federal diversity jurisdiction exists because all parties are completely diverse and the amount in controversy exceeds $75,000.

4. Venue is proper in this Court.

## BACKGROUND

5. Prior to September 27, 1997 DeWood was insured under a policy of disability insurance issued by Paul Revere under Policy No. 01026485910.

6. On September 27, 1997 DeWood stopped working at his cardiology practice.

7. At this time DeWood was 57 years old.

8. DeWood's medical records suggest that before his retirement he was suffering from symptoms of alcoholism.

9. On December 22, 1997, Dr. DeWood's attorney sent to Paul Revere an undated letter from DeWood notifying Paul Revere of Dr. DeWood's disability claim. On January 6, 1998 Paul Revere sent a claim form for Dr. DeWood to complete.

COMPLAINT FOR DECLARATORY RELIEF - 2

Case No.

116008.0027/1156150.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

1  When this was not returned a second claim form was sent on February 3, 1998. DeWood did not respond to these or other reminders and/or requests.

10. DeWood's undated letter indicated that he was in residential care for the treatment of possible alcohol and drug addiction at Springbrook Hospital.

11. DeWood's letter did not suggest he suffered from cognitive impairment or anterior vermis syndrome.

12. On or about April 1, 1998 Paul Revere received a "Claimant's Statement" from DeWood. On or about April 6, 1998 Paul Revere received an "Attending Physician Statement" from Dr. Gregory Skipper.

13. In his Claimant's Statement DeWood identified his disabling sickness as "chemical dependency, alcoholism." By letter of April 6, 1998 Paul Revere requested DeWood provide information from the Washington State Diversionary Program. Paul Revere also requested a specific authorization for the release of records from Springbrook Hospital. DeWood did not return the medical authorization, but in a letter received on or about July 30, 1998 sent a different form of authorization, which he had apparently created himself.

14. Dr. Skipper's attending physician's statement of April 6, 1998 indicated DeWood's primary diagnosis was "alcohol dependence" and his secondary diagnosis of "anterior vermis syndrome."

COMPLAINT FOR DECLARATORY RELIEF - 3

Case No.

116008.0027/1156150.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

15. Dr. Skipper opined in his Attending Physician Statement that within 6-12 months, he expected DeWood to be able to perform some of the duties of his work.

16. Dr. Skipper's statement suggested that a neurology report had been completed by Dr. Zimmerman.

17. Dr. Zimmerman's neurology report was not submitted to Paul Revere by DeWood or his attorney at that time.

18. On or about April 20, 1998, Paul Revere received a January 21, 1998 Progress Report and a November 19, 1997 assessment letter authored by Dr. Zimmerman to Dr. Skipper, pursuant to a request by Paul Revere.

19. The November 1997 report from Dr. Zimmerman indicates that as of that date DeWood had alcoholic central nervous system problems, including mild anterior vermis syndrome. These conditions were improving. The residuals from his condition were mild and acceptable for professional function at that time.

20. Dr. Zimmerman's November 1997 report indicates that DeWood's cognitive function would be tested.

21. On May 7, 1998 Paul Revere requested DeWood identify all of his treating health care providers.

22. Dr. Camplair tested DeWood's cognitive function on December 11, 1997 and January 16, 1998.

COMPLAINT FOR DECLARATORY RELIEF - 4

Case No.

116008.0027/1156150.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

23. Paul Revere was not provided with Dr. Camplair's report until July 31, 1998, and the information contained in it was at least six months old.

24. Dr. Camplair's report recommended against DeWood returning to an unsupervised, independent cardiology practice at that time. Dr. Camplair's report also outlined two alternative options: (1) a gradual, supervised return to work; and (2) a later re-evaluation after a lengthier period of sobriety.

25. On October 1, 1998, Paul Revere wrote to DeWood's attorney, Peter Moye, again requesting records Paul Revere needed to assess DeWood's claim.

26. On or about December 28, 1998, DeWood submitted a Physicians Statement completed by Dr. Dan Coulston who concluded that DeWood had a "good prognosis" and could "work without restriction" in "6 months."

27. On or about March 19, 1999 Paul Revere again wrote DeWood's attorney, Peter Moye requesting additional information and updated medical records.

28. On April 29, 1999 DeWood and his attorney met with a representative of Paul Revere. DeWood indicated his alcohol and drug dependency were not currently impairing him and that he had been sober for over a year.

29. On August 24, 1999, Paul Revere sent a $32,000 benefit payment. This sum reflected the benefits payable after the 90 day elimination period, from

COMPLAINT FOR DECLARATORY RELIEF - 5

Case No.

116008.0027/1156150.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

September 27, 1997 through April 1, 1998 as a result of DeWood's disability of alcoholism and chemical dependency.

30. Following this payment Paul Revere continued to review DeWood's claim that he was disabled due to anterior vermis syndrome.

31. Following internal medical reviews at Paul Revere of the collected medical records, on November 8, 1999, Jennifer LeMoine wrote Attorney Moye and advised him that the medical documentation did not appear to support a disabling condition. She noted that the records made available to Paul Revere were not complete. She indicated additional records could be submitted to Paul Revere for its consideration. When no response was forthcoming, she sent a follow up letter in December 1999.

32. After reviewing records from Dr. Giddings and Dr. Bonneau, requested by Paul Revere, Paul Revere wrote DeWood's attorney a January 20, 2000 letter indicating that there was no new information which would substantiate DeWood's claim for total disability. This letter informed DeWood he had a right of appeal that could be exercised within 90 days.

33. On March 27, 2000, DeWood's attorney requested an additional 120 days to collect information and bring an appeal. This was the first response by either De Wood or his attorney to the requests from Paul Revere in November 1999 and January

COMPLAINT FOR DECLARATORY RELIEF - 6

Case No.

116008.0027/1156150.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

2000. This letter further indicated that DeWood's attorneys were not then in a position to independently evaluate whether DeWood should appeal.

34. Over four months later, on August 9, 2000, DeWood's attorney sent Paul Revere a report by Dr. William Bozarth, which had been prepared in May 2000.

35. After requesting additional information and reviewing the available data, Paul Revere requested an IME.

36. Paul Revere's policy provided it the right to obtain an IME as often as reasonably required while a claim was pending.

37. After discussions with DeWood's attorneys, an IME was scheduled to take place on April 12 and 13 in Beaverton, Oregon.

38. DeWood's attorneys unilaterally canceled the IME on April 3, 2001.

39. Thereafter, Paul Revere again requested an IME on June 27, 2001.

40. On July 23, 2001 DeWood's attorney indicated he would submit to an IME if Paul Revere believed it was needed after it reviewed the report of a vocational examination performed by Fred Cutler.

41. In August 2001 Paul Revere reiterated to DeWood's attorney that it had the right and the need to obtain an IME. Neither DeWood nor his attorney objected to the IME. In fact, DeWood's attorney submitted questions he wanted submitted to the IME doctors. The IMEs were scheduled for October and November, 2001.

42. Dr. Bostwick performed the neuropsychological examination on October 29, 2001. Paul Revere received his report on November 12, 2001. Dr. Bostwick

COMPLAINT FOR DECLARATORY RELIEF - 7

Case No.

116008.0027/1156150.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

opined that (1) findings consistent with a mild alcohol-related encephalopathy were "equivocal;" (2) there was evidence of "secondary gain" in Dr. DeWood's medical charts; and (3) the identified neurobehavioral impairments were "relatively mild in severity." Dr. Bostwick went on to state, however, that: "I am unaware of any specific restrictions in his ability to conduct his usual and customary occupation on a reasonably continuous basis, however, he does appear to have some mild limitations in his ability to sustain attention and concentration for extended periods without loss of mental set, a probable mild reduction in his speed of mental operations, and a mild impairment in his mental flexibility and higher level reasoning and concept formation skills."

43. On November 16, 2001, Paul Revere received another letter from DeWood's attorney that attacked the credibility and independence of Dr. Lemil Alamarez who Paul Revere had asked to perform a neurological examination of DeWood on November 29, 2001.

44. The neurological IME scheduled with Dr. Alamarez went forward on November 29, 2001. Thereafter Dr. Alamarez opined that in light of DeWood's troubles with spatial disturbance and some dystrexia, DeWood would not be able to return to work as an interventional cardiologist."

45. Because of the differences of opinion between Dr. Alamarez and Dr. Bostwick, the IME's were referred to Paul Revere's internal doctors for review.

COMPLAINT FOR DECLARATORY RELIEF - 8

Case No.

116008.0027/1156150.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

46. The IME reports were then sent to DeWood's attorney. Two more copies were sent to him on January 31, 2002. One week later, on February 6, 2002, Paul Revere a $469,000 check to DeWood's attorney representing past benefits.

47. After accepting the policy benefits, DeWood now claims additional funds, attorney fees in excess of $75,000, plus interest. In response, Paul Revere has reviewed these issues and is in the process of paying an additional $1000 in past policy benefits. Paul Revere denies any other claims for monies.

## FIRST CAUSE OF ACTION:

## DECLARATORY JUDGMENT/CONTRACTUAL DUTIES FULFILLED

48. Paul Revere adopts and incorporates by this reference the allegations from paragraphs 1-47.

49. provided a policy of disability insurance to DeWood.

50. DeWood's disability policy with Paul Revere is a contract.

51. The parties' contract contemplates that disability claims will be submitted to Paul Revere for review and assessment.

52. The review and assessment process contemplates that claimants like DeWood will submit materials to support their claim and/or allow Paul Revere to obtain such materials.

53. The claims process necessarily involves an ongoing exchange of information.

54. DeWood is required to cooperate in the claims process.

COMPLAINT FOR DECLARATORY RELIEF - 9

Case No.
116008.0027/1156150.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

55. In reviewing and assessing DeWood's claims, Paul Revere requested information from DeWood.

56. DeWood and his attorneys did not always promptly supply the requested information to Paul Revere.

57. DeWood's conduct delayed the claims process.

58. After completing its review, Paul Revere paid DeWood the amount he was owed under his disability policy. Thereafter, Paul Revere has continued to make monthly benefit payments to DeWood.

59. DeWood has accepted the amount he was initially paid in benefits and has continued to accept the monthly payments that have been made thereafter.

60. This Court should enter a declaratory judgment that Paul Revere has fulfilled its contractual obligations to its insured in good faith and that DeWood is not entitled to receive any other monetary payment or recovery under any other theory, including but not limited to breach of contract or bad faith, from Paul Revere.

## SECOND CAUSE OF ACTION:

## DECLARATORY JUDGMENT/ACCORD & SATISFACTION

61. Paul Revere incorporates by reference paragraphs 49 – 60 of this complaint.

62. DeWood's acceptance of past benefits and ongoing benefits constitutes an accord and satisfaction with respect to all claims under his insurance contract and the claims handling process.

COMPLAINT FOR DECLARATORY RELIEF - 10

Case No.

116008.0027/1156150.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

63. This Court should enter a declaratory judgment that DeWood's acceptance of past benefits and ongoing benefits is an accord and satisfaction and that he is not entitled to any other monetary payment or recovery under any other theory from Paul Revere.

### THIRD CAUSE OF ACTION:

### DECLARATORY JUDGMENT/STATUTE OF LIMITATIONS

64. Paul Revere incorporates by reference paragraphs 49 – 63 of this complaint.

65. DeWood has demanded that Paul Revere make payments in addition to those it is making under its policy of insurance.

66. DeWood is premising his right to receive those payments upon actions taken by Paul Revere which occurred more than three years ago.

67. Such claims are barred by the applicable statute(s) of limitation and/or by the doctrine of laches.

68. This Court should enter a declaratory judgment that any claims by DeWood are barred by the applicable statute(s) of limitations and/or by the doctrine of laches.

### FOURTH CAUSE OF ACTION:

### DECLARATORY JUDGMENT/JUDICIAL ESTOPPEL

69. Paul Revere incorporates paragraphs 41-68 by reference.

COMPLAINT FOR DECLARATORY RELIEF - 11

Case No.
116008.0027/1156150.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

70. DeWood has previously litigated the issue of his attorneys' fees in a suit filed by his former attorneys titled *Workland & Witherspoon et al, plaintiffs v. Marcus DeWood, defendant,* Spokane District Court No. 22048304.

71. In that suit DeWood took the position that he was not obligated to pay to his attorneys some or all of the fees he now seeks to recover.

72. In that suit DeWood asserted numerous affirmative defenses to the effect that he should not be obligated to pay the fees sought by his attorneys. Paul Revere incorporates by reference DeWood's Answer, Affirmative Defenses and Counterclaims in the *Workland* litigation. A true and accurate copy of that document is attached to this complaint as Exhibit A.

73. In that suit DeWood asserted numerous counterclaims to the effect that he should not be obligated to pay additional fees to his former attorneys, and further, that they had been overpaid for the work performed. Paul Revere incorporates by reference DeWood's Answer, Affirmative Defenses and Counterclaims in the *Workland* litigation. A true and accurate copy of that document is attached to this complaint as Exhibit A.

74. A party cannot change legal positions and theories simply because it is expedient to do so. Such conduct is barred by the doctrine of judicial estoppel.

75. This Court should enter a declaratory judgment that DeWood is judicially estopped from seeking to recover attorneys fees from Paul Revere when he has previously taken the position in litigation that he is not obligated to pay those same fees.

COMPLAINT FOR DECLARATORY RELIEF - 12

Case No.

116008.0027/1156150.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

## FIFTH CAUSE OF ACTION:

## DECLARATORY JUDGMENT: WAIVER AND ESTOPPEL

76. Paul Revere incorporates by reference paragraphs 41 through 75 as if full set out herein.

77. DeWood sought policy benefits through the claims process.

78. DeWood was represented by counsel during the claims process.

79. DeWood has previously accepted and continues to accept benefits under Paul Revere's policy.

80. DeWood's acceptance of policy benefits constitutes a waiver and/or estoppel of his right to pursue other claims for contractual and/or extra-contractual damages.

81. This Court should enter a declaratory judgment that DeWood is barred from seeking to recover additional contractual or extra-contractual damages under the doctrines of waiver and/or estoppel.

## PRAYER

Paul Revere asks this Court for the following specific relief:

1. For declaratory judgment against DeWood;

2. For an award of its attorneys' fees and costs; and,

COMPLAINT FOR DECLARATORY RELIEF - 13

Case No.

116008.0027/1156150.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

3. For any other relief this Court deems equitable and/or appropriate.

DATED this 30th day of November, 2004.

LANE POWELL SPEARS LUBERSKY LLP

By /s/ D. Michael Reilly
D. Michael Reilly, WSBA No. 14674
Charles C. Huber, WSBA No. 18941
Attorneys for Plaintiff
Paul Revere Life Insurance Company

COMPLAINT FOR DECLARATORY RELIEF - 14

Case No.

116008.0027/1156150.1

LANE POWELL SPEARS LUBERSKY LLP
SUITE 4100
1420 FIFTH AVENUE
SEATTLE, WA 98101
(206) 223-7000

## VERIFICATION

I, George M. Thompson, Vice President and Managing Counsel for The Paul Revere Life Insurance Company declare under penalty of perjury under the laws of the United States of America that the allegations contained herein are true and correct to the best of my knowledge and belief.

DATED this 30th day of November, 2004 at _Worcester, MA_

*[signature]*

COPY
ORIGINAL FILED
OCT 16 2002
SPOKANE COUNTY DISTRICT COURT

DISTRICT COURT, STATE OF WASHINGTON, COUNTY OF SPOKANE

WORKLAND & WITHERSPOON, PLLC, )
a Washington professional limited liability )
company; LEE & ISSERLIS, P.S., a )    Case No.: 22048304
Washington professional service )
corporation, )
)
      Plaintiffs, )    **ANSWER, AFFIRMATIVE DEFENSES**
)    **AND COUNTERCLAIMS**
vs. )
)
MARCUS A. DeWOOD, M.D., )
a single man, )
)
      Defendant. )

Defendant, Marcus DeWood, M.D., ("DeWood") by and through his attorneys of record, McCormick, Dunn & Black, P.S., hereby responds to the Plaintiffs' Complaint as follows:

## PLAINTIFF'S GENERAL ALLEGATIONS

1. DeWood does not have sufficient information to admit or deny the allegations contained in paragraphs 1 and 2 of Plaintiffs' Complaint, and, therefore, denies the same for lack of present information upon which to form a basis for belief.

ANSWER, AFFIRMATIVE DEFENSES AND . . . - 1

*McCormick, Dunn & Black, P.S.*
LAW OFFICES
Suite 200, Fernwell Building
505 W. Riverside
Spokane, WA 99201

**EXHIBIT A**

16

2.  DeWood admits paragraph 3 of Plaintiffs' Complaint.

3.  DeWood admits that portion of paragraph 4 of Plaintiffs' Complaint stating venue is properly laid in Spokane County, Washington. The remainder of this allegation is denied.

4.  DeWood admits paragraph 5 of Plaintiffs' Complaint.

5.  Defendant DeWood denies the allegations set forth in paragraph 6 of Plaintiffs' Complaint with respect to the date stated. The remainder of this allegation is admitted.

6.  DeWood admits paragraph 7 of Plaintiffs' Complaint

7.  DeWood admits paragraph 8 of Plaintiffs' Complaint.

8.  As to paragraph 9 of Plaintiffs' Complaint, DeWood admits he entered into a fee agreement ("Agreement") with Plaintiffs relating to his Long Term Disability benefits in March of 2001. The remainder of the allegations of this paragraph are denied.

9.  As to the first sentence of paragraph 10 of Plaintiffs' Complaint, DeWood does not have sufficient information to admit or deny the allegations contained therein, and, therefore, denies the same for lack of present information upon which to form a basis for belief. The remainder of the allegations in this paragraph are denied.

10. DeWood admits the allegations in paragraph 11 of Plaintiffs' Complaint, with the exception of the date stated, which is denied for lack of information.

11. DeWood admits the allegations in paragraph 12 of Plaintiff's Complaint, with the exception of the date stated, which is denied for lack of information.

ANSWER, AFFIRMATIVE DEFENSES AND . . . - 2

*McCormick, Dunn & Black, P.S.*
LAW OFFICES
Suite 200, Fernwell Building
505 W. Riverside
Spokane, WA 99201

12. As to the allegations in paragraph 13 of Plaintiffs' Complaint, DeWood admits he received a total of $30,000 in disability payments under the policy, representing payments for the months of April, May and June 2002. The remainder of this allegations in this paragraph are denied.

13. DeWood denies paragraph 14 of Plaintiffs' Complaint.

14. By way of further denial, DeWood denies any and all contentions and allegations set forth in the Prayer of Plaintiffs' Complaint.

15. DeWood states further that any and all allegations as set for in Plaintiffs' Complaint not expressly admitted herein are expressly denied. DeWood further denies that Plaintiffs' have been damaged in any way or that they are entitled to relief of any sort from DeWood.

### PLAINTIFFS' FIRST CAUSE OF ACTION
### (Declaratory Judgment)

16. In response to paragraph 15 of Plaintiffs' Complaint, DeWood incorporates by reference its answers to the allegations referred to in such paragraph.

17. DeWood admits paragraph 16 of Plaintiffs' Complaint Admit.

18. As to paragraph 17 of Plaintiffs' Complaint, this is a legal conclusion to which no response is necessary. To the extent it contains factual assertions, however, such assertions are denied.

### SECOND CAUSE OF ACTION
### (Breach of Written Contract)

19. In response to paragraph 18 of Plaintiffs' Complaint, DeWood incorporates by reference its answers to the allegations referred to in such paragraph.

ANSWER, AFFIRMATIVE DEFENSES AND . . . - 3

*McCormick Dunn & Black, P.S.*
LAW OFFICES
Suite 200, Fernwell Building
505 W. Riverside
Spokane, WA 99201

18

20. DeWood denies paragraph 19 of Plaintiffs' Complaint.

21. DeWood denies paragraph 20 of Plaintiffs' Complaint.

22. DeWood denies paragraph 21 of Plaintiffs' Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted;

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Doctrine of Waiver and/or estoppel;

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Doctrine of Accord and Satisfaction;

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the Doctrine of Laches;

### FIFTH AFFIRMATIVE DEFENSE

By way of defense, DeWood asserts that Plaintiffs' are barred from making any claims due the Doctrine of Payment and release;

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' are not entitled to bring, or to recover under any claim asserted against DeWood insofar as claims emanate from, or arise out of Plaintiffs' own bad faith conduct;

ANSWER, AFFIRMATIVE DEFENSES AND . . . - 4

*McCormick, Dunn & Black, P.S.*
LAW OFFICES
Suite 200, Fernwell Building
505 W. Riverside
Spokane, WA 99201

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' are not entitled to bring, or to recover under any claim asserted against DeWood insofar as claims emanate from, or arise out of Plaintiffs' taking advantage of DeWood's diminished state of mind due to his disabilities, thereby placing undue duress on DeWood;

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' conduct violates the rules of professional conduct governing fee distribution obligations that become a necessary and integral part of the contract;

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' are not entitled to bring, or to recover under any claim asserted against DeWood insofar as there has been a lack of consideration for any such asserted obligations;

### TENTH AFFIRMATIVE DEFENSE

The fees sought in Plaintiffs' Complaint are unreasonable and unconscionable. As such, and as provided in the Agreement in question, DeWood seeks determination from this Court as to the reasonableness of such fees.

DeWood, by way of reservation of rights and without waiver, does hereby expressly reserve the right to amend his Answer and Affirmative Defenses in accordance with the facts and issues as they may arise following further discovery and investigation.

ANSWER, AFFIRMATIVE DEFENSES AND . . . - 5

*McCormick, Dunn & Black, P.S.*
LAW OFFICES
Suite 200, Fernwell Building
505 W. Riverside
Spokane, WA 99201