UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

THE PAUL REVERE LIFE INSURANCE COMPANY,
Plaintiff,

v. MARCUS DEWOOD,

Defendant

and,

MARCUS A. DEWOOD, M.D., A SINGLE MAN,
Plaintiff,

v.

UNUM PROVIDENT CORPORATION, D/B/A THE PAUL REVERE INSURANCE COMPANY,
Third Party Defendant.

NO. CV-04-0456

ORDER RE: MOTIONS PENDING July 27, 2005; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT RE: ATTORNEY FEES; DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT;

[CONSOLIDATED CASE]

**BEFORE THE COURT** are seven motions filed by both Marcus DeWood and Unum Provident/Paul Revere ["UNUM"][1]. On July 27, 2005, the Court held a hearing, heard argument, and delivered an oral ruling on the pending motions. This Order is entered to memorialize and supplement the Court's oral ruling. For the reasons stated on the record on July 27, 2005, **IT IS HEREBY ORDERED:**

[1] The Court will refer to the insurer herein as Unum. All references to Unum are intended to encompass both Unum Provident Corporation and Paul Revere Insurance Company.

1. DeWood's Motion for Appointment of Special Discovery Master (Ct. Rec. 30) is **DENIED**.

2. DeWood's Motion to Compel Discovery (Ct. Rec. 40) is **GRANTED IN PART** and **DENIED IN PART**.

a. The party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, unless the losing party was substantially justified in making or opposing the motion. Fed.R.Civ.P. 37(a)(4). The Court will not award attorney fees this time as this is the first time before the Court on a discovery dispute and conduct of both parties necessitated the hearing of the motion. The Court cautions that future motions of this nature will likely involve the award of attorney fees.

b. **WITHIN 14 DAYS OF THIS ORDER**, the parties are ordered to meet and confer to discuss the amendment and supplementation of the challenged Requests for Production in light of the Court's general comments made on the record and herein. If the parties are unable to resolve these issues, the Court is willing to hear a motion to compel on an expedited basis. Any such motion must list of the items in dispute *and* set forth *argument* as to the grounds for compelling discovery in each instance. The non-movant should not be required to speculate as to what theories support the need to compel discovery.

c. The Court's ruling does not change Unum's obligation to supplement the disclosures to the extent they had previously indicated they would do so.

d. The objection to Request for Production No. 1 is sustained. Unum shall provide DeWood with a list of bad faith

lawsuits filed against them (and Paul Revere) in the states of Washington and California in the past ten years.

e. The following are discoverable subject only to appropriate claims of privilege, which if made, must be made known to DeWood.

i. All data including but not limited to records, statements, documents, letters, electronic communications, correspondence, memos, and notes, pertaining to any aspect of the disability claim of Marcus DeWood are discoverable.

ii. Employment manuals, memos supplementing that manual, company memos, electronic or other documentation of conversations regarding how claims would be handled and claim adjustment activities during the pendency of the plaintiff's claim are discoverable.

iii. All information regarding claims adjustment policies and practices *in effect* during the pendency of Dr. DeWood's claim, even if dated prior to the filing of his claim, is discoverable.

iv. The Court reserves ruling on the issue of discovery beyond the recent national settlement agreement involving Unum and federal and state regulators.

vii. All documents and communications involving directives regarding any type of rebate, reward, bonus, or incentive program that UNUM had with its employees or consultants from 1994 to date are discoverable.

viii. The furnishing party shall bear the cost of responding to a discovery request, unless otherwise agreed upon by the parties or ordered by the Court. Disclosure may be made in electronic format so long as meaningful access to the data is

possible.

7. A privilege log shall be utilized to inform the opposing party of any data claimed to be protected by the attorney-client privilege.

3. DeWood's Motion for Protective Order (Ct. Rec. 43) is **RESERVED**. The parties agree as to the necessity of a protective order. However, they disagree on the terms. The Court finds the party who opposes the confidential designation of a disclosure shall have the burden of filing any motion to challenge such designation. The burden of persuasion, however, shall remain on the party seeking the data's protection.

The parties have **SEVEN DAYS** from the date of this Order to meet and confer to agree upon the terms of a stipulated protective order. Should the parties not agree, each party shall simply file their proposed order within **THREE DAYS** of the meeting. The parties shall also email their respective proposed orders to the Court at sukoorders@waed.uscourts.gov. The Court will thereafter rule upon the Motion for Protective Order and enter an order it finds appropriate.

4. DeWood's Motion to Strike (Ct. Rec. 49) the Defendants' motion for partial summary judgment for lack of a Statement of Facts is **DENIED** as **MOOT**.

5. DeWood's Motion to Strike (Ct. Rec. 70) Defendants' pleadings as untimely is **DENIED**.

6. Paul Revere's Motion for Partial Summary Judgment Re: Common Law Attorney's Fees (Ct. Rec. 46) is **DENIED** and DeWood's Cross-Motion for Summary Judgment re: Attorney Fees (Ct. Rec. 53) is **DENIED**.

Paul Revere's motion requests the entry of partial summary judgment regarding DeWood's claim for attorney fees in connection with his claims for breach of contract, breach of the covenant of good faith, and bad faith. Paul Revere's motion is premised upon its position that "[t]he only basis through which DeWood could hope to recover fees in connection with [these claims] is through the *Olympic Steamship* doctrine."[2] *Paul Revere's Motion for Summary Judgment* at 4. Paul Revere argues it is entitled to partial summary judgment because the *Olympic Steamship* exception cannot apply in this case because the attorney fees sought were incurred without the necessity of filing suit. Otherwise stated, Paul Revere asserts the filing of a lawsuit is a precondition to the application of the *Olympic Steamship* exception. Paul Revere secondly argues *Olympic Steamship* cannot apply in this instance because it applies only to coverage disputes.

Though the Court noted in its oral ruling that *Olympic Steamship* does not expressly state the filing of suit is a condition precedent, the Court makes no finding on the applicability of the *Olympic Steamship* exception to the facts of this case. Whether such a finding is made will, in part, abide the development of the facts in this case. Moreover, the Court need not rule on this issue because the Court rejects the underlying premise of Paul Revere's motion that the *Olympic Steamship* doctrine is DeWood's "only basis"

---

[2] Washington follows the American rule of attorneys' fees which generally is that each litigant must absorb their own litigation expenses. The *Olympic Steamship* doctrine, announced in *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wash.2d 37, 52-53, 811 P.2d 673 (1991), is an exception to this general rule which permits attorneys fees where an insurer compels its insured to assume the burden of legal action in order to obtain the full benefit of his insurance contract. *Leingang v. Pierce County Med. Bureau, Inc.*, 131 Wash.2d 133, 143, 930 P.2d 288 (1997).

for the recovery of attorneys' fees on these claims. As noted by Paul Revere in the opening pages of its motion, under the American rule, a litigant is entitled to recover attorneys' fees if authorized by statute, contract, or a *recognized ground in equity*. *Leingang v. Pierce County Med. Bureau, Inc*., 131 Wash.2d 133, 143, 930 P.2d 288 (1997); *Dayton v. Farmers Ins. Group*, 124 Wash.2d 277, 280, 876 P.2d 896 (1994) (holding that a court has power to award attorney fees when authorized by "contract, statute, or recognized ground of equity") (citing *State ex rel. Macri v. City of Bremerton*, 8 Wash.2d 93, 113-14, 111 P.2d 612 (1941)). While *Olympic Steamship* is one recognized equitable ground, Washington cases have specifically recognized at least four other equitable grounds for the award of attorney fees: (1) common or trust fund preservation, *Grein v. Cavano*, 61 Wash.2d 498, 505, 379 P.2d 209 (1963); (2) actions by a third person subjecting the party to litigation, *Wells v. Aetna Ins. Co.*, 60 Wash.2d 880, 882-83, 376 P.2d 644 (1962); (3) dissolving wrongfully issued temporary injunctions or restraining orders, *Cecil v. Dominy*, 69 Wash.2d 289, 291-94, 418 P.2d 233 (1966); and (3) *bad faith or misconduct of a party, Miotke v. City of Spokane*, 101 Wash.2d 307, 338, 678 P.2d 803 (1984).

Whether the *Olympic Steamship* exception applies or does not apply, Paul Revere is not entitled to partial summary judgment on the issue of attorney fees, because other equitable grounds - such as bad faith or misconduct - which are issues of fact in this case - present a possible basis for recovery. Because the possibility of recovery cannot be eliminated at this stage, Paul Revere's motion is denied. Finally, DeWood's cross-motion for summary judgment is premature as there has been no determination of liability on the

underlying claims.

**IT IS SO ORDERED.**

The District Court Executive is directed to enter this order and provide copies to counsel.

DATED this __29th__ day of July, 2005.

*s/ Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE