UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PAUL REVERE LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>  -vs-<br><br>MARCUS DEWOOD,<br><br>    Defendant. | NO.  CV-04-0456-LRS<br>**CONSOLIDATED**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PAUL REVERE'S MOTION FOR SUMMARY JUDGMENT** |

**BEFORE THE COURT** is Paul Revere's motion for summary judgment. (**Ct. Rec. 132**)[1]  On June 22, 2006, the Court delivered its oral ruling to this motion.  This Order is entered to memorialize and supplement the Court's oral ruling on that day, which is incorporated herein by reference.

Accordingly, **IT IS HEREBY ORDERED:**

**1. Judicial Estoppel**

The first question before the Court is whether judicial estoppel precludes Mr. DeWood's current lawsuit against Paul Revere.  Paul Revere argues that because Mr. Dewood blamed his former attorney for the alleged delay in the previous state court lawsuit, he is now estopped from suing

///

---

[1] As stated on the record during this Court's oral ruling, for purposes of this order, any reference to Plaintiff refers to Marcus Dewood.

ORDER - 1

the insurance company.  As stated on the record, this portion of the motion is **DENIED**. Plaintiff's claims are not barred by judicial estoppel.

However, the record is clear that Mr. DeWood blamed his former attorneys for the delay, and Mr. DeWood will be bound as a matter of law to the representations he made in that litigation. Such statements constitute admissions and, subject to the Rules of Evidence, will be admissible in the current litigation. Plaintiff will have the burden of proving liability against the Defendant Paul Revere as well as damages. These obligations will remain with Plaintiff DeWood in this litigation.

**2. Breach of the Implied Covenant of Good Faith**

The implied covenant of good faith is not separate from those obligations imposed on Paul Revere by the insurance contract and applicable law in this case. No real difference exists between the fiduciary duty and the duty of good faith in the insurance context. *Van Noy v. State Farm*, 142 Wn.2d 784, 793-794.(2000)("the duty to act in good faith or liability for acting in bad faith generally refers to the same obligation....the fiduciary relationship existing between the insurer and the insured.")  Therefore, to the extent Plaintiff is attempting to state a claim for violation of good faith independent of a fiduciary duty claim, any such claim is **DISMISSED**.

**3. Plaintiff's Bad Faith Tort and Consumer Protection Act Claims**

Plaintiff's counterclaim was filed in December 2004.  A demand letter sent by his former attorney in July 2001 clearly indicates that Plaintiff was aware of the duty of good faith as to the tort claims. Application of the three year statute of limitations on bad faith tort claims bars actions which were known and had occurred three years prior

ORDER - 2

to the time of filing suit.  *See* RCW 4.16.080.  Plaintiff's counterclaim was filed in December 2004.  Therefore, to the extent Plaintiff's bad faith tort claims are based on actions that occurred three or more years prior to the date the counterclaim was filed, these claims are **BARRED** by the statute of limitations.

Similarly, because the July 2001 letter from counsel specifically referenced alleged violations of the Washington Consumer Protection Act, Plaintiff DeWood was on notice that he had a potential claim.  However, the counterclaim was not filed until December 2004.  The statute of limitations for a claim brought under the Washington Consumer Protection Act is four years.  RCW 19.86.120.  Therefore, all claims that occurred four or more years before the filing of Plaintiff's counterclaims are **BARRED** by the statute of limitations.

**4. Plaintiff's Emotional Distress Claims**

Plaintiff's claims for emotional distress are **DISMISSED** because they are not properly before this Court.  Plaintiff did not identify these claims in his Fed. Rule Civ. P. 26(a) disclosures, nor were the damages calculated as a result.  Moreover, discovery materials propounded by Plaintiff were not itemized or supplemented in a manner which gave reasonable notice to Paul Revere as to the state of the record or the nature of the demands being made.  In addition, no expert witnesses were identified or produced who can testify concerning emotional distress damages.  Defendant Paul Revere is not required to search out such experts in the absence of appropriate disclosures by Plaintiff DeWood.

**5. Plaintiff's Forced Real Estate Sales and Damages Claim**

These claims are not properly before the Court, and are therefore,

**DISMISSED**.  The damages were not specifically identified nor was a means for calculating them reasonably communicated to the insurance company in order for proper discovery to be propounded. In addition, the information supplied does not appear to provide reasonable notice, and it does not amount to substantial evidence, which would support the claim. Furthermore, consequential damages that are speculative and remote are not recoverable.

**6. Plaintiff's Recovery of Unreasonable Attorney's Fees in Prior Litigation**

As stated on the record, fees which by definition are unreasonable may not be recovered.  Therefore, any claims for unreasonable fees are **DISMISSED**. However, reasonable fees, if shown to have resulted from Defendant's conduct under circumstances giving rise to liability may be considered in accord with the Court's earlier ruling in this case.

For the reasons stated above, Paul Revere's Motion for Summary Judgment (**Ct. Rec. 132**) is **DENIED IN PART** and **GRANTED IN PART**.

**IT IS SO ORDERED.**

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 28th day of June, 2006.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 4